2003 SD 81

**Donald R. SHORE, Guardian H.L.C. and B.A.C., minor children, Petitioner and Appellee,**

v.

**Bronson CRUZ, Respondent and Appellant.**

**No. 22670.**

Supreme Court of South Dakota.

Considered on Briefs May 27, 2003.

Decided July 16, 2003.

John R. Murphy, Rapid City, for respondent and appellant.

MEIERHENRY, Justice.

[¶ 1.] Donald Shore (Shore) filed a petition for a protection order for stalking or physical injury against Bronson Cruz (Cruz). Shore brought the petition in his name as legal guardian for H.C. and B.C., Cruz's minor children. The trial court issued a protection order on November 7, 2002. Cruz appeals the order. We reverse.

**FACTS**

[¶ 2.] Shore and his wife Cindy have legal custody of their grandchildren H.C. and B.C. The mother of the children is Shore's daughter and the father is Cruz. In June of 1996, Cruz began serving a prison sentence in Colorado state prison for sexual assault on a child and attempted sexual assault upon an adult. Cruz's convictions were not related to sexual assault on his children H.C. and B.C. Cruz was sentenced to six and one half years in prison and served his sentence in full.

[¶ 3.] Cruz was released from prison October 7, 2002. After his release, Cruz began living with his parents in Walsenburg, Colorado. On October 25, 2002, Shore filed a petition in Meade County, South Dakota for a protection order against Cruz. The petition outlined Cruz's past incarceration for sexual assault on a child and stated that Shore feared that Cruz would come to South Dakota and cause H.C. and B.C. harm now that he was released from prison. On October 25, 2002, the trial court entered an ex parte temporary protection order against Cruz.

[¶ 4.] On November 4, 2002, Cruz filed a pro se motion to dismiss. Cruz claimed that the court lacked subject matter jurisdiction and that Shore failed to state a

Thomas E. Brady of Brady & Pluimer, Spearfish, for petitioner and appellee.

claim. No pretrial hearing was held on Cruz's motion to dismiss. On November 7, 2002, the trial court took evidence on the petition for the permanent protection order. Shore appeared with his attorney; Cruz appeared pro se. At the hearing, Shore's attorney called as witnesses Cindy Shore, maternal grandmother and guardian of the children, and Cruz.

[¶ 5.] The grandmother testified that she and her husband Donald Shore had physical custody of the two children since 1996 and legal custody since April of 1999. A Colorado court granted the Shores custody and ordered Cruz to have no contact with the children. At the time of the protection order hearing, the children were nine and six years of age. Both grandmother and Cruz testified that Cruz had not been in contact with the children since the "no contact" order had been entered six years ago. Grandmother testified that she believed Cruz had molested his daughter, H.C. She admitted she had no proof that Cruz molested his daughter except her feelings and his criminal conviction for child abuse. She further testified that her feelings also stemmed from the custody battle when the Shores received custody. On cross examination, grandmother agreed that Cruz had not written or called the children or otherwise contacted the children since the "no contact" order was entered. She said she feared that Cruz would contact the children now because he was out of prison. It is undisputed that Cruz had not attempted to contact the children since his release from prison.

[¶ 6.] Cruz admitted he pleaded guilty to sexual assault on a child for which he served his full term in prison from June of 1996 to October of 2002. Cruz further agreed that the no contact order in the custody case was appropriate. Cruz indicated to the trial court that he had obeyed the Colorado court's no contact order and

had not had contact with the children or the Shores in over six years. Cruz claimed that Shore's ulterior motive was to harass him.

[¶ 7.] At the conclusion of the testimony, the trial court found jurisdiction and venue were properly before the court and that stalking as defined by SDCL 22–19A had taken place. The trial court entered a protection order on November 7, 2002 for a period of three years. Cruz appeals the order raising the following issues:

1. **Whether the trial court abused its discretion in granting the protection order.**

2. **Whether the trial court erred in not granting Cruz's motion to dismiss.**

### STANDARD OF REVIEW

[¶ 8.] This Court recognizes that protection orders or restraining orders are a form of injunction. *Sjomeling v. Stuber*, 2000 SD 103, ¶ 11, 615 N.W.2d 613, 616. The trial court has sound discretion in granting or denying an injunction. *Id.* A ruling on injunctive relief will not be disturbed unless we find an abuse of discretion. *Id.* "An abuse of discretion can simply be an error of law or it might denote a discretion exercised to an unjustified purpose, against reason and evidence." *Id.* (quoting *Hendrickson v. Wagners, Inc.*, 1999 SD 74, ¶ 14, 598 N.W.2d 507, 511) (citations omitted).

### DECISION

1. **Whether the trial court abused its discretion in granting the protection order.**

[¶ 9.] Cruz claims that the trial court abused its discretion in entering a protection order. Cruz claims that because Shore never alleged any incidents of stalking, there was insufficient evidence to

support the issuance of a protection order. The trial court made no oral findings of fact from the bench at the conclusion of the hearing nor did the trial court enter written findings of fact. The court's only pronouncement was that "stalking as defined by our law has taken place, there is a need for a protection order, and I'll order it be entered . . . ." The trial court merely concluded that stalking had taken place under SDCL 22–19A and entered a protection order. Without oral or written findings of fact, we cannot meaningfully review the factual basis of the trial court's ruling.

[¶ 10.] The legislature defined when a person's actions constitute stalking. In order to obtain a protection order, the petitioner must prove that the respondent's conduct falls within the definition of stalking. Stalking is defined as follows:

Any person:

(1) Who willfully, maliciously, and repeatedly follows or harasses another person;

(2) Who makes a credible threat to another person with the intent to place that person in reasonable fear of death or great bodily injury; or

(3) Who willfully, maliciously, and repeatedly harasses another person by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication; is guilty of the crime of stalking. Stalking is a Class 1 misdemeanor.

SDCL 22–19A–1.

[¶ 11.] Shore's allegations in his petition described no conduct which fits within the definition of stalking. The petition form requires a petitioner to check one or more of four categories of acts constituting stalking. Shore filled out the form as follows:

I AM ASKING THE COURT FOR A PROTECTION ORDER BASED UPON THE FACTS BELOW:

On or about (*month*) 05 (*day*) 10 (*year*) 95 at approximately 4:50 o'clock pm (*am/pm*) the person against whom I seek this Protection Order committed the following acts of stalking:

☐ Willfully, maliciously, and repeatedly followed me.

☐ Harassed me by pursuing a willful and knowing course of conduct which seriously alarms, annoys or harasses me with no legitimate purpose and that the pattern of conduct is a series of acts over a period of time showing a continuing pattern of harassment.

☐ Threatened me in a manner that makes me afraid of great bodily injury or death.

☐ I, as the Petitioner, have suffered physical injury as a result of an assault or a crime of violence.

Shore marked none of the boxes as applicable. The petition also requires the petitioner explain in detail the respondent's conduct on the date specified. Shore completed that portion of the form as follows:

"was arrested for sexual assault on a child." (*Shore then listed the Colorado statute and five Colorado case numbers.*) "Criminal Attempt—Third degree Sexual Assualt.(sic) case no. 95F1263 was sentenced to 11 years. Colorado D.O.C D.O.C. No # 90340 No contact w/anyone under 18 yrs.

[¶ 12.] Another section of the petition form requires the petitioner to explain the need for a temporary protection order. Shore completed the section by stating, "if respondent comes into contact with said Petitioners they will be in danger of physical and mental abuse as well as in danger of possible kidnapping, or sexual abuse" and "respondent has just been released

from prison and I feel he will come to South Dakota to seek out the children and possibly seek revenge or to kidnap or abuse children. And respondent recieved (sic) no treatment for these matters in prison."

[¶ 13.] A hearing was held November 7, 2002. Only two witnesses testified at the hearing, Cindy Shore, the grandmother, and Cruz. The grandmother testified that she had concern for the physical safety of her grandchildren. When asked why she was concerned, Cindy stated that when H.C. first came to live with her she believed the child exhibited signs of sexual abuse. Although she had no proof that Cruz sexually assaulted H.C., she felt that Cruz was a threat to the children. She felt that if the protection order was not granted, Cruz would try to contact them. On cross-examination, Cruz asked Cindy why she thought he would try to contact his children now when he had not contacted them in four years, to which she responded, "because you're out of prison and I believe that you will."

[¶ 14.] It is undisputed that Cruz had made no attempt to contact his children since his release from prison. In fact, Cruz was living six hundred miles away from his children at the time the petition was filed and had not had contact with his children in four years.

[¶ 15.] Shore emphasizes that Cruz was in prison for sexually assaulting a minor. However, Cruz has served his sentence and claims he was in compliance with the sex offender registration laws. There is no evidence to support a contention that Cruz has in the past engaged in conduct directed at H.C. or B.C. that would be regarded as stalking under SDCL 22–19A–1. The entire basis of Shore's claim was that Cruz had just gotten out of prison and that he and his wife had a feeling that Cruz would try to contact the children.

Shore offered no evidence alleging any incident of stalking.

[¶ 16.] Initially, Shore failed to mark any of the elements of stalking in his petition. The obvious reason is because Cruz had not displayed any conduct which would fall within the definition of stalking; therefore, Shore left that portion of the form blank. The evidence at trial also failed to show conduct falling within the definition. There was no evidence that Cruz "willfully, maliciously, and repeatedly" followed or harassed the children. He had not made "a credible threat" to the children "with the intent to place" the children "in reasonable fear of death or great bodily injury" nor had he "willfully, maliciously, and repeatedly harasse[d]" the children "by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication." SDCL 22–19A–1.

[¶ 17.] A finding that stalking has taken place is an abuse of discretion when the evidence fails to show overt acts that fall within the definition of stalking in SDCL 22–19A–1. The trial court abused its discretion in granting a protection order. We reverse.

## 2. Whether the trial court erred in not granting Cruz's motion to dismiss.

[¶ 18.] In light of our ruling on Issue One, we need not address this issue.

[¶ 19.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.

GILBERTSON, Chief Justice (concurring).

[¶ 20.] I join in the Court's opinion. The conduct alleged by Shore is not within the scope of SDCL chapter 22–19A.

[¶ 21.] The Legislature may have had this in mind when in 2003 it passed SDCL 25–10–12.1 through 12.5 which will go into effect on July 1, 2003. These new provisions allow for the enforcement in South Dakota of foreign out-of-state domestic violence protection orders.

[¶ 22.] As referenced by the Court's opinion in this case, on May 20, 1999 the District Court of Huerfano County, Colorado issued an order which in part granted custody of the children to the Shores and further ordered that "[Cruz] shall have no contact with the minor children herein." As SDCL 25–10.12.1 through 5 was not enacted at the time of the hearing before the trial court in South Dakota, obviously it was not an option available to the trial court.